IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jessica Smith, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:17-3446-BHH |
| v. ) | |
| ) | **ORDER** |
| Haynes Incorporated, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Jessica Smith's ("Plaintiff" or "Smith") complaint against Defendant Haynes Incorporated ("Defendant" or "Haynes"), alleging the following causes of action pursuant to the Americans with Disabilities Act of 1990 ("ADA"): (1) discrimination; (2) hostile work environment; and (3) retaliation. On October 8, 2018, Defendant filed a motion for summary judgment, and Plaintiff filed a response in opposition.

On January 18, 2019, in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(g), D.S.C., United States Magistrate Judge Shiva V. Hodges issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant Defendant's motion for summary judgment. Plaintiff filed objections to the Report, and Defendant filed a reply. For the reasons set forth herein, the Court adopts the Magistrate Judge's Report and grants Defendant's motion for summary judgment.

## ANALYSIS

As an initial matter, the Court agrees with Defendant that Plaintiff's objections lack specificity and fail to alert the Court to specific errors in the Magistrate Judge's analysis.

In fact, as Defendant points out, Plaintiff's objections are, in large part, simply portions of her response in opposition to Defendant's motion for summary judgment, which have been cut and pasted and renamed "objections."[1] (*Cf.* ECF Nos. 26 and 38.) Specifically, the procedural history portion of Plaintiff's objections is taken almost verbatim from the procedural history portion of her response in opposition. More importantly, the majority of her "objections" are simply a regurgitation of the facts she set forth in her response in opposition. (*Cf.* ECF Nos. 26 at 3-17 and 38 at 6-19.)

Ultimately, the only arguably specific objection Plaintiff makes is her assertion that the Magistrate Judge's Report fails to consider the facts in the light most favorable to Plaintiff, but after a review of the record the Court finds this objection wholly without merit. Stated simply, the Court finds that Plaintiff has failed to point to any facts overlooked by the Magistrate Judge that create a genuine issue of material fact as to any of her claims.

---

[1] The United States District Court for the Western District of Virginia once reviewed objections to a Magistrate Judge's Report that were copied directly from prior pleadings and determined that this practice does not constitute the submission of specific, written objections and does not entitle a plaintiff to *de novo* review. *See Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (W.D.Va. 2008). In *Veney*, the plaintiff's objections were "an almost verbatim copy of the 'Argument' section" of the plaintiff's brief, and the court explained that it was improper for Plaintiff "to seek re-argument and reconsideration of her entire case in the guise of objecting." *Id.* at 844; *see also Hobek v. Boeing Company*, 2017 WL 3085856, *2 (D.S.C. July 20, 2017). The court explained: "'The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act..'" 539 F. Supp. 2d at 845 (quoting *Howard*, 932 F.2d at 509). Likewise, the Fourth Circuit has held that "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). The court explained:

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

478 F.3d at 22.

Instead, the Court agrees with the Magistrate Judge's thorough analysis and finds for the reasons explained by the Magistrate Judge that Defendant is entitled to summary judgment on Plaintiff's failure to accommodate claim; her wrongful discharge and disability discrimination claims; her retaliation claim; and her hostile work environment claim.

In conclusion, therefore, the Court finds Plaintiff's objection that the Magistrate Judge failed to consider the facts in the light most favorable to Plaintiff without merit, as Plaintiff fails to point to a single fact that creates a genuine issue of material fact as to her claims. In addition, as previously noted, the Court finds the remainder of Plaintiff's objections, which amount to nothing more than a repackaging of her prior arguments in response to Defendant's motion for summary judgment, wholly without merit. Ultimately, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law, and the Court therefore adopts in full the Magistrate Judge's Report.

## **CONCLUSION**

Based on the foregoing, it is **ORDERED** that the Magistrate Judge's Report (ECF No. 35) is adopted and specifically incorporated herein; Plaintiff's objections (ECF No. 38) are overruled; and Defendant's motion for summary judgment (ECF No. 20) is granted.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce H. Hendricks
United States District Judge

June 27, 2019
Charleston, South Carolina